Filed 3/11/26  P. v. Vasquez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAVIER VASQUEZ,<br><br>    Defendant and Appellant. | H053646<br>(Monterey County<br>Super. Ct. Nos. 25CR002764,<br>25PS000043) |

Defendant Javier Vasquez pleaded no contest to second degree burglary (Pen. Code, § 459) in case number 25CR002764 and admitted he violated postrelease community supervision (PRCS) in case number 25PS000043.[1]  On appeal, Vasquez's counsel has filed a brief which states the case but raises no issues, asking this court to conduct an independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Vasquez of his right to submit written argument on his own behalf within 30 days, and he has not done so.  Having independently reviewed the record, we conclude there are no arguable issues on appeal.

In December 2023, Vasquez was placed on PRCS for a period of two years eight months for driving in willful or wanton disregard for the safety of persons or property while fleeing from a pursuing police officer (Veh. Code, § 2800.2, subd. (a)).

---

[1] Unspecified statutory references are to the Penal Code.

In April 2025, the Monterey County District Attorney filed a complaint in case number 25CR002764 charging Vasquez with second degree burglary (§ 459; count 1), receiving stolen property exceeding $950 (§ 496, subd. (a); count 2), misdemeanor possession of burglar's tools (§ 466; count 3), and misdemeanor identity theft (§ 530.5, subd. (c)(1); count 4). Vasquez had been stopped in a car that was seen on surveillance video near another car that was burglarized, and a search of Vasquez's car yielded multiple car keys, cell phones, and other items.

When arrested for these latest offenses, Vasquez was the subject of an outstanding warrant for failing to report to the probation department for his PRCS. That same month, the probation department petitioned to revoke Vasquez's PRCS (case number 25PS000043), both for his failure to report and for his failure to obey all laws.

In July 2025, Vasquez admitted he violated PRCS in case number 25PS000043. He also pleaded no contest to second degree burglary (count 1) in case number 25CR002764 and admitted as an aggravating factor that his prior performance on PRCS was unsatisfactory. (Cal. Rules of Court, rule 4.421(b)(5).)

The following month, the trial court sentenced Vasquez in case number 25CR002764 under the agreed term of three years in prison. Vasquez was given 89 days of custody credit, composed of 45 actual days and 44 days of conduct credit. The remaining counts in 25CR002764 were dismissed. The trial court ordered Vasquez to pay a local crime prevention fine plus penalty assessments of $41, a court operations assessment of $40, a court facilities assessment of $30, a $450 restitution fine, and an additional $450 parole revocation restitution fine that was suspended.

For case number 25PS000043, the trial court terminated Vasquez's PRCS and ordered that he serve a term of 180 days in county jail, consecutive to his sentence in case number 25CR002764. Vasquez was given 180 days of custody credit, composed of 90 actual days and 90 days of conduct credit, and was ordered to pay a previously suspended $600 parole revocation restitution fine.

Having independently reviewed the record under *Wende*, *supra*, 25 Cal.3d 436, we find no arguable issues.

The judgment is affirmed.

_____

LIE, Acting P. J.

WE CONCUR:

_____

WILSON, J.

_____

CHUNG, J.＊

*People v. Vasquez*
H053646

---

＊Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.